IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GWTP INVESTMENTS, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-1383-L |
| | § | |
| SES AMERICOM, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff GWTP's Motion for Leave to Amend Complaint, or in the Alternative, Motion for Reconsideration, filed November 30, 2005. After careful consideration of the motion, response, reply, record and applicable law, the court **denies** GWTP's Motion for Leave to Amend Complaint, or in the Alternative, Motion for Reconsideration.

**I.   Factual and Procedural Background**

A brief recitation of the factual and procedural history is necessary to understand the current posture of the case. The bankruptcy proceedings of Verestar, Inc. ("Verestar") give rise to this lawsuit. Verestar owned and operated teleports, which are the ground-based side of satellite networks that receive signals from orbiting satellites and then transmit those signals to locations through the world or receive signals from ground-based locations and transmit those signals to satellites. On March 30, 2004, substantially all of Verestar's assets were offered for sale at a bankruptcy auction, including two teleports, one located in Cedar Hill, Texas and the other located in Brewster, Washington (collectively the "Teleports"). Plaintiff GWTP Investments, L.P.

("Plaintiff" or "GWTP") alleges that prior to the auction, it[1] contacted Defendant SES Americom, Inc. ("Defendant" or "SES") about combining their bids for Verestar's assets because GWTP was only interested in purchasing the Teleports, whereas SES was interested in acquiring all of Verestar's assets, except the Teleports. GWTP alleges that it entered into a Memorandum of Understanding (the "MOU") with SES in which they agreed to "work cooperatively to increase their chances at completing a successful auction transaction . . . for the Verestar assets." First Am. Compl. at Ex. C, p. 1.[2] GWTP alleges that during the auction, the parties initially jointly bid on Verestar's assets as anticipated by the MOU, but subsequently SES informed GWTP that in an effort to conclude the auction, it would independently bid on all of Verestar's assets, including the Teleports. According to GWTP, the parties then entered into an oral contract wherein GWTP "agreed to purchase the Brewster and Cedar Hill Teleports from Defendant for a fixed sum of 1.5 million [dollars] . . . ." First Am. Compl. at 6-7 ¶ 16. GWTP alleges that SES ultimately made the winning bid but has refused to sell the Teleports to GWTP.

On June 24, 2004, GWTP filed suit against SES. In its First Amended Complaint, GWTP asserts claims for fraud, breach of contract, breach of fiduciary duty and breach of a contract of agency. By order dated November 30, 2004, the court dismissed Plaintiff's claims for fraud and breach of contract arising out of the alleged oral contract for the sale of the Teleports because the claims were in violation of the statute of frauds. The court allowed GWTP's claims for breach of

---

[1]GWTP contends that its predecessor, Mission Holdings, Inc., assigned to it "all of [Mission Holdings, Inc.'s] rights, duties, and obligations arising under and related to its contract for the purchase of certain assets from Defendant." First Am. Compl. at 2 ¶ 5. Both parties refer to Mission Holdings, Inc. and GWTP interchangeably as "GWTP," and so will the court.

[2]The MOU states that "no contractual agreement has been reached with respect to the subject matter hereof and under no circumstances would this MOU be legally binding on or enforceable against either party and does not impose an enforceable duty to conclude any agreement or commitment without a duly authorized, definite written agreement." First Am. Compl. at Ex. C, p. 1.

**Memorandum Opinion and Order – Page 2**

fiduciary duty and contract of agency to remain. Discovery in this action closed in November 2005. On December 22, 2005, Defendant filed its motion for summary judgment on the remaining claims.

**II.     Analysis**

    **A.     GWTP's Motion for Leave to Amend**

GWTP, more than seven months after the expiration of the deadline for amending pleadings, has filed a Motion for Leave to Amend Complaint.[3] GWTP seeks to file an amended pleading to reinstate its breach of contract claim, which, as set forth directly above, the court dismissed on November 30, 2004, for failure to satisfy the statute of frauds. Specifically, GWTP states that:

> It is now clear based on documents uncovered during discovery that, unbeknownst to the Court at the time of its Order (and unbeknownst to GWTP), Defendant [SES] was in possession of a pair of electronic memoranda confirming the parties' agreement for the sale of [the Teleports]. These internal memorandum prepared by and signed electronically [by] a high-level SES employee identify (1) the parties; (2) the price; and (3) the real property at issue, which together satisfy the statute of frauds.

GWTP Mot. at 1. (original emphasis). According to GWTP, it received these electronic memoranda in a June 3, 2005 production of documents from SES that included over two thousand documents.

In opposition, Defendant SES argues that leave to amend should be denied, since GWTP cannot show good cause for the delay and granting such leave would work a substantial prejudice

---

[3]Although not necessary to the disposition of GWTP's motions, in order to avoid any misunderstandings regarding the Scheduling Order and the amendment of pleadings deadline, the court must comment on Defendant SES's argument that GWTP had until July 19, 2005, rather than April 8, 2005, to amend its pleadings. *See* Resp. at 1. This is not true. Pursuant to the court's Scheduling Order, the deadline for amendment of pleadings was April 8, 2005. By order dated July 12, 2005, the court granted SES's unopposed motion for leave to file its First Amended Answer, and directed SES to file its amended answer by July 19, 2005. The court rejects SES's attempt to characterize the July 12, 2005 order as an extension of the pleadings deadline for both parties. The order granted Defendant the specific relief requested, namely, to file an amended answer. Allowing such relief necessitated amending the Scheduling Order on July 12, and allowing Defendant an extension of its pleadings deadline for a period of one-week **only**, until July 19, 2005. *See* Order, July 12, 2005.

**Memorandum Opinion and Order – Page 3**

on SES, which has already filed its motion for summary judgment (which is now ripe), and would cause the court to have to reopen discovery and reset the trial in this case. Further, SES contends that the proposed amendment lacks merit because the internal memoranda on which it relies do not satisfy the statute of frauds. The court agrees with SES.

Pursuant to the court's Scheduling Order, the deadline for amendment of pleadings was April 8, 2005. Where a party has filed a motion to amend after the court-ordered pleading deadline, which is the case here, Fed. R. Civ. P. 16 applies. Once a scheduling order has been entered, it can only be modified upon a showing of good cause. *See* Fed. R. Civ. P. 16(b); *S & W Enterprises, L.L.C. v. South Trust Bank of Alabama, N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Scheduling Order* at 8, ¶ 13 (January 6, 2005) ("Scheduling Order") ("*A motion for an extension of any deadline set forth herein must be made prior to its expiration.* This order shall control the disposition of this case unless it is modified by the court upon a showing of good cause and by leave of court. Fed. R. Civ. P. 16(b)") (original emphasis). In deciding whether to allow untimely amendment, a court is to consider: "(1) the explanation for failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enterprises, L.L.C.,* 315 F.3d at 536 (internal quotation marks, brackets and citations omitted). The court now applies these factors to determine whether GWTP should be permitted leave to amend its pleadings at this late juncture.

Considering these factors, the court determines that all four factors weigh against granting GWTP leave to amend its pleadings. Regarding the first factor, as grounds for filing an untimely motion, GWTP states that it did not receive the two internal memoranda until two months after the amendment of pleadings deadlines, as part of a June 3, 2005 production of documents from SES. According to GWTP, it was therefore impossible to amend its pleadings prior to the expiration of

**Memorandum Opinion and Order – Page 4**

the deadline for amendment of pleadings. While the court agrees that GWTP could not have met the April 8, 2005 deadline, the court determines that GWTP has provided no plausible explanation for why it then waited until November 30, 2005 (almost six months after it received the documents from SES) and merely weeks before the dispositive motion deadline, to file a motion for leave to amend with the court. This will not do. *See S&W Enterprises*, *LLC*, 315 F.3d at 536. This first factor thus weighs against GWTP.

With regard to the second factor, importance of the amendment, the court determines that this factor also weighs against GWTP. GWTP argues that the amendment is important, as it would resuscitate GWTP's previously-dismissed breach of contract claim. According to GWTP, SES was in possession of a pair of electronic memoranda confirming the parties' agreement for the sale of the Teleports, which satisfied the statute of frauds since they were prepared by and signed electronically by a high-level SES employee and identify (1) the parties; (2) the price; and (3) the real property at issue. In opposition, SES contends that the electronic memoranda upon which the proposed amendment relies do not satisfy the statute of frauds because they both merely reference the written non-binding MOU between SES and GWTP. Def. Resp. at 8. The court has carefully examined the two electronic memoranda and agrees with SES. The first e-mail memorandum states: "[SES] Americom signed an MOU with Mission Holdings in which Mission Holdings agreed to acquire the Cedar Hill and Brewster Teleports for $1.5 million at closing." *See* GWTP App. at 22. The second e-mail memorandum similarly states: "[SES Americom] signed an MOU with Mission Holdings to sell them the Cedar Hill and Brewster Teleports for $1.5 million at closing." *Id.* at 24-25. As SES correctly points out, "the communications state that SES 'signed' the MOU which negated any argument that these statements are in reference to an oral agreement." *See* Def. Resp.

**Memorandum Opinion and Order – Page 5**

at 8.[4]  Finally, contrary to GWTP's assertion that the term "MOU," as used in the e-mails is "imprecise," *see* Mot. at 7 n.8, the court determines that the term MOU is highly precise, and refers to the parties' written signed Memorandum of Understanding, which was the subject of the court's November 30, 2004 order and which, by definition, preceded any purported oral contract for the sale of the Teleports.  Further, as the court stated in its November 30, 2004 order, "[t]he parties agree that the MOU does not contemplate SES's acquisition of the Teleports or the sale of the Teleports from SES to GWTP.  This is true because at the time the parties entered into the MOU, SES was interested in acquiring all of Verestar's assets, *except* for the Teleports."  Order at 7.  Accordingly, as the proposed amendment is not particularly important, this factor also weighs against allowing GWTP's amendment.

With regard to the third factor, arguably the court could cure any prejudice by reopening discovery and extending existing deadlines. This approach, however, is problematic on two levels. First, it would unnecessarily delay the resolution of this case.  Second, as previously discussed, allowing amendment of the pleadings based on the two electronic memoranda would be an exercise in futility, since both e-mails merely refer to the written non-binding MOU between SES and GWTP, and therefore would not satisfy the statute of frauds.  Otherwise stated, no purpose would be advanced or served by allowing GWTP to amend its pleadings.  As such, although it initially appears that the court could cure any undue prejudice to SES, allowing the amendment would only create additional problems and cause needless delay.  This third factor thus weighs in favor of SES and against GWTP's amendment.

---

[4]Moreover, in reviewing its December 30, 2004 order, the court determines that GWTP's arguments presented at that time are inconsistent with those presented now.  Specifically, GWTP asserted that the MOU was irrelevant to the breach of contract action because the MOU merely addressed the strategic bidding relationship between the parties and provided that if their bid was successful, the parties agreed to negotiate a future contractual relationship wherein they would exchange services.

**Memorandum Opinion and Order – Page 6**

With respect to the fourth factor, the court determines that, though arguably the court could reopen discovery and grant an extension of discovery to cure any undue prejudice to SES, such an extension would necessitate an extension of all other deadlines, including the trial date, further delaying the disposition of this case. District judges have the power to control their dockets by refusing to give non-diligent litigants another chance to develop their case. *See Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997); *see also Guillory v. Dotmar Industries Inc.*, 95 F.3d 1320, 1332 (5th Cir. 1996) ("It is well established that the district court is entitled t[o] manage its courtroom and docket"); *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967) ("A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim."). Not only would granting leave have an adverse impact on the timely resolution of this case, it would also affect other settings on the court's docket. The court cannot countenance such a delay absent good cause, which is lacking in this case. This factor thus weighs in favor of SES and against GWTP.

In short, the court concludes that GWTP should not be granted leave to amend because all four factors weigh against GWTP and in favor of SES. Accordingly, the court **denies** GWTP's Motion for Leave to Amend Complaint.

### B. GWTP's Motion to Reconsider

Alternatively, GWTP asks the court to reconsider its November 30, 2005 order in which it dismissed Plaintiff's breach of contract claim arising out of the alleged oral contract for the sale of the Teleports because the claim was in violation of the statute of frauds. In light of the court's rejection of GWTP's arguments that the two electronic memoranda would satisfy the statute of frauds (*see* supra), and after reviewing its November 30, 2005 order, the court is convinced that its

original ruling is correct. Accordingly, GWTP's alternative motion to reconsider should be denied.

### III.    Conclusion

For the reasons herein stated, GWTP has not established good cause for the court to allow it leave to amend the pleadings and has not provided the court adequate grounds to reconsider that portion of its November 30, 2004 order dismissing GWTP's claims for breach of contract. Accordingly, the court **denies** GWTP's Motion for Leave to Amend Complaint, or in the Alternative, Motion to Reconsider. The clerk of court is **directed** to return to GWTP's counsel the original and a copy of Plaintiff's Second Amended Complaint, which was received on November 30, 2005. The live pleading in this case is Plaintiff's First Amended Complaint.

**It is so ordered** this 8th day of February, 2006.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge